### Moses Whitesides, impleaded with John C. Smith, appellant *v.* John Lee, Jesse G. Lindell, and Elliot Lee, appellees.

*Appeal from Jo Daviess.*

In an action against the makers, upon a promissory note executed in a co-partnership name, one of the defendants—the general issue being pleaded—offered to read in evidence, on the trial, a notice of the dissolution of the co-partner-

(1) *Ante* 403.

ship, published in the Galena Gazette, a public newspaper, long before the execution of the note. He afterwards offered to prove by a witness, that long before the making of the note in question, there was no co-partnership existing between the defendants, and that the plaintiffs had notice thereof before, and at the time of the making of the promissory note declared on, which the Court rejected: *Held* that the evidence was admissible.

*Quere,* Whether this would be the decision, if the suit had been commenced and the plea filed subsequently to the passage of the act of March 2, 1839, "*regulating evidence in certain cases.*"

THIS was an action of *assumpsit* commenced by the appellees against the appellant and John C. Smith, in the Jo Daviess Circuit Court, on the 26th day of March, 1838. The declaration was in the usual form, on a promissory note. At the April term, 1838, the appellant pleaded the general issue.

The cause was tried at the May term, 1839, before the Hon. Dan Stone. Judgment was rendered for the appellees, for $3805, 34 damages, and costs of suit. The cause was brought to this Court by appeal.

On the trial, the following bill of exceptions was taken:

"Be it remembered that whereas this cause was set on the docket for the first day of the term, and was called on that day, that afterwards, to wit, on the second day of the term, and before the cause was again called for trial, the defendant, Whitesides, by his counsel, moved the Court for leave to file an additional plea, to wit, a plea of *non est factum*, denying the execution of the note sued on, under oath, which motion was overruled by the Court, and to the decision of the Court, the defendant, by his counsel, excepts.

On the calling of the cause for trial, and while the officers of the Court were calling the jury, the defendant filed the proper affidavit, and thereupon, at the same time, applied for a change of venue, which application was denied by the Court, as being too late. To which decision of the Court, the defendant by his counsel excepts.

On the trial, the plaintiffs offered to read in evidence to the Court and jury, a certain promissory note in the following words and figures:

"Saint Louis, April 1, 1837.

$3128,88–100.

One day after date, we promise to pay to the order of John Lee & Co., three thousand one hundred and twenty-eight 88–100 dollars, for value received, without defalcation, bearing interest of ten per cent. per annum, from date, until paid. J. C. SMITH, for

SMITH & WHITESIDES."

as the note declared on, to the reading of which the defendant by his counsel objected, that the note declared on was described

in the declaration as a note made by Smith & Whitesides, as co-partners, whereas the note offered in evidence purported to be made by John C. Smith for Smith & Whitesides. The objection of the defendant was overruled by the Court, and the note permitted to be read in evidence. To which decision of the Court, the defendant by his counsel excepts.

On the trial, the defendant offered to read to the Court and jury, a certain notice in the Galena Gazette, a public newspaper, purporting to be a notice of the dissolution of co-partnership of the said Smith & Whitesides, long before the execution of the note declared on; and the plaintiffs, by their counsel, objected to such testimony being given, and the Court sustained the objection, and to the decision of the Court, the defendant by his counsel excepts.

On the trial, the defendant also offered to prove by a witness then in Court, that at, and long before the making of the promissory note declared on, there was no co-partnership existing between the said John C. Smith and Moses Whitesides, and that the said plaintiffs had notice thereof, before and at the time of making of the said promissory note declared on. The said plaintiffs, by their counsel, objected to such testimony being given; and the Court sustained the objection of the said plaintiffs, and ruled that the co-partnership of said defendants need not be proved by said plaintiffs. To all which the defendant, by his counsel, excepts.

And the said defendant prays that this, his bill of exceptions, may be allowed, and made a part of the record.

DAN STONE. [L.S.]"

The several decisions of the Court mentioned in the bill of exceptions, were assigned for error.

S. A. DOUGLASS and JOHN D. URQUHART, for the appellant.

L. DAVIS and F. FORMAN, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

Several grounds of error have been taken in this case. It will, however, be unnecessary to decide more than two, which relate to the evidence offered at the trial, by the defendants. By the bill of exceptions, it appears, that the defendant, Whitesides, offered to read in evidence a notice published in the Galena Gazette, purporting to be a notice of a dissolution of the co-partnership of the defendants, long before the making of the note declared on, and, also, to prove by a witness that long before the making of the note in question, there was no co-copartnership existing between the defendants, and that the plaintiffs had notice thereof before, and at the time of the making of the promissory note declared on, which the Court refused to admit. This refusal is

now assigned for error.   That the refusal to admit this testimony, was erroneous, there can be no possible doubt.   It went directly to the point in issue, and if established, would have entitled the defendants to judgment.   The notice tended to prove the issue, though it could be only presumptive evidence; and a knowledge of the dissolution before the receipt of the note by plaintiffs, would be required to be shown.

The judgment of the Circuit Court is reversed, and the cause remanded, with instructions to the Circuit Court to award a *venire de novo.*   The defendant recovers his costs.

*Judgment reversed.*

*Note.* See Hollenback *v.* Williams and Lander, *Ante* 544.